**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3110
_____

BEZALEL GROSSBERGER,
Appellant

v.

SUPERIOR COURT OF ESSEX CCOUNTY; FAST OIL LLC; ROBERT CORMACK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-22-cv-05484)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed June 2, 2023)
_____

OPINION[*]
_____

PER CURIAM

    Appellant Bezalel Grossberger filed an action in the District Court against the

Superior Court of New Jersey for Essex County, Fast Oil LLC, and Robert Cormack.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The District Court granted Grossberger's motion to proceed in forma pauperis, screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it with prejudice for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Grossberger filed a post-judgment motion, which the District Court properly construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and denied. This timely appeal ensued. For the following reasons, we will affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a dismissal for lack of subject-matter jurisdiction. See Koval v. Wash. Cnty. Redevelopment Auth., 574 F.3d 238, 241 (3d Cir. 2009). We may affirm the District Court's decision on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

It is difficult to discern the exact nature of Grossberger's claims. The action stems from a suit he filed in the Essex County Superior Court against Fast Oil and Cormack, among others. In his federal complaint, Grossberger claims that the Superior Court denied his due process right of access to the courts by summarily acting on his pleadings without hearings and written rulings and by conspiring with Fast Oil and Cormack "to ensure they may continue to defraud" him. ECF No. 1 at 4-5.

The District Court determined that the complaint sought review of the Superior Court's rulings and that the action was therefore barred by the Rooker-Feldman doctrine,[1] which precludes federal consideration of "cases brought by state-court losers complaining

---

[1] See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923).

of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine is narrow, limited to cases where the complained-of injury stems directly from the state court's proceedings. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010). It is not clear that all of Grossberger's claims come within the scope of the doctrine.[2] Nevertheless, we agree with the District Court that the complaint is subject to dismissal.

First, the claims against the Superior Court are barred by the Eleventh Amendment. See Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018). Contrary to Grossberger's argument on appeal, the complaint does not seek any "prospective, declaratory, or injunctive relief governing an officer's future conduct" that could permit immunity to be waived under the doctrine of Ex parte Young. See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 506 (3d Cir. 2001). Rather, it seeks retrospective relief in the form of a decree that the state court violated his right of access to the courts. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996)

_____

[2] Grossberger's exhibits refer to an interlocutory order indicating proceedings at that time were ongoing, see ECF Nos. 1-4, 1-5. See Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 460 (3d Cir. 2019) (holding in case involving an interlocutory order "that Rooker-Feldman does not apply when state proceedings have neither ended nor led to orders reviewable by the United States Supreme Court"). He also complains in part about defendants Fast Oil and Cormack's actions. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010) (indicating that the doctrine does not apply "when the source of the injury is the defendant's actions (and not the state court judgments)").

3

(explaining that a litigant's request for relief is not prospective where "specific allegations target past conduct, and the . . . [litigant's requested] remedy is not intended to halt a present, continuing violation of federal law").  Second, neither Fast Oil nor Cormack appears to be a state actor for purposes of the claims under 42 U.S.C. § 1983.  See Benn v. Universal Health Sys., 371 F.3d 165, 169-70 (3d Cir. 2004).  Accordingly, the claims were properly dismissed for failure to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).

We also agree with the District Court that there was no need to provide Grossberger with leave to amend before dismissing his complaint because it is apparent that amendment would have been futile, see Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008), and that there was no basis for granting reconsideration, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (noting that the purpose of a Rule 59(e) motion "is to correct manifest errors of law or fact or to present newly discovered evidence" (citation omitted)).

Based on the foregoing, we will affirm the District Court's judgment.[3]

---

[3] Appellant's "Motion to Proceed on Original Record," which has been construed as a motion to expand the record, and his "Motion to Direct Defendant or Assume Original Jurisdiction" are denied.

4